```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

MARVIN E. OWENS,                  :
                                  :
    Plaintiff,                :
                                  :
    v.                        :     CASE NO. 3:16cv898(RNC)
                                  :
STATE OF CONNECTICUT              :
JUDICIAL BRANCH, et al.,          :
                                  :
    Defendants.               :

<u>RULING ON PLAINTIFF'S MOTION</u>

Pending before the court is the plaintiff's "Motion for Filing Late Documents." (Doc. #50.) The plaintiff requests that the court permit him to amend his complaint out of time.

I. <u>Background</u>

The following background, though lengthy, is necessary to place the instant motion in context.

In June 2016, the plaintiff, who is self-represented and proceeding <u>in forma pauperis</u>, filed this civil rights action against the City of Bridgeport and various Bridgeport Police Officers. In August 2016, the plaintiff amended his complaint. The amended complaint asserted fourteen claims against six defendants. (Doc. #8.) I reviewed the amended complaint pursuant to 28 U.S.C. § 1915 and issued a recommended ruling. I recommended dismissal of all claims except the plaintiff's § 1983 claims concerning his May 21, 2015 and June 25, 2015 arrests at his home in response to 911 calls and dismissal of all defendants except for officers Michael Novia, Lawrence Lazaro and Daniel Feroni. (Doc. #13.) U.S. District Judge Robert N. Chatigny adopted the

recommended ruling.  (Doc. #16.)  In February 2017, the defendants filed an answer denying the allegations and asserting an affirmative defense of qualified immunity.  (Doc. #21.)  In March 2017, the court issued a scheduling order.  (Doc. #25.)  Pursuant to the scheduling order, the deadline for filing a motion to amend the complaint was April 30, 2017 and the deadline for completing discovery was November 1, 2017.

On September 22, 2017, months after the deadline, the plaintiff filed a motion for leave to amend his complaint.  (Doc. #41.)  The plaintiff did not submit a proposed amended complaint.  The plaintiff stated that he wished to amend his complaint as a result of "defendants' affirmative defenses . . . as well as genuine material facts existing into plaintiffs' claims."  The plaintiff requested that the court permit him to "add" claims of "targeting, filing false police reports, conspiracy to violate civil rights and illegal entry."  (Doc. #41.)  As best as the court can discern from the plaintiff's motion, the plaintiff appears to allege that there were incidents involving defendant Novia that took place before defendant Novia arrested the plaintiff on May 21, 2015.  The plaintiff says defendant Novia had "been targeting plaintiff" and that there had been "three prior encounters" with plaintiff "in which false report[s] were filed."  (Doc. #41 at 3.) The plaintiff also says that defendant Novia illegally entered the plaintiff's house on June 25, 2015 in conjunction with the plaintiff's arrest.  Finally, the plaintiff alleges, without more,

2

that defendants Lazaro, Novia and Feroni conspired to violate his civil rights. The defendants filed an objection to the plaintiff's motion on the grounds that the motion was untimely. (Doc. #44.) On October 23, 2017, I denied the plaintiff's motion on the grounds that the deadline in which to file such a motion was April 30, 2017 and that the plaintiff had not demonstrated good cause. (Doc. #47.)

That same day, on the eve of the close of discovery,[1] the plaintiff filed the instant "Motion for Filing Late Documents" in which he seeks to "show good cause." (Doc. #50.) The plaintiff says good cause exists for his failure to meet the court's deadline because of a number of reasons - including that he was incarcerated for a portion the time, was "dealing with criminal matters," and was depressed.

II. Discussion

"Where . . . a scheduling order governs amendments to the complaint, and a plaintiff wishes to amend after the deadline to do so has passed, the plaintiff must show good cause" pursuant to Fed. R. Civ. P. 16(b). BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC, 859 F.3d 188, 195 (2d Cir. 2017). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." Parker v. Columbia Pictures

---

[1]As indicated, the discovery deadline was November 1, 2017. (Doc. #25.)

Industries, 204 F.3d 326, 339-40 (2d Cir. 2000) (internal quotations omitted). "'Good cause' depends on the diligence of the moving party." Id. at 340. A plaintiff's "pro se status does not relieve him of compliance with Rule 16(b)'s diligence requirement." Valentin v. City of Rochester, No. 11CV6238(CJS), 2016 WL 5661729, at *7 (W.D.N.Y. Sept. 30, 2016). "Good cause is demonstrated by a showing that 'despite . . . having exercised diligence, the applicable deadline could not have been reasonably met' by the plaintiff." Soroof Trading Development Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012). In addition, "[g]ood cause is not present 'when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline.'" Williams v. Town of Hempstead, No. 16CV1992(ADS)(AYS), 2017 WL 4712219, at *2 (E.D.N.Y. Oct. 18, 2017)(quoting Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010)). See, e.g., Valentin, 2016 WL 5661729, at *6 ("where the substance of the proposed amendment was known to the movant [earlier in the proceedings], but the movant nevertheless failed to act, courts have denied leave to amend under Rule 16."); Cummins, Inc. v. New York Life Ins., No. 10 CIV. 9252, 2012 WL 3870308, at *3 (S.D.N.Y. Sept. 6, 2012) ("the court may deny leave to amend where the party seeking it knew or should have known the facts sought to be added to the complaint"); Wolk v. Kodak Imaging Network, Inc., 840 F. Supp. 2d 724, 737 (S.D.N.Y. 2012)(plaintiff failed to show good cause to add a claim where there was no evidence that the proposed

4

claim "turns on any facts that were not available to [plaintiff] when she commenced this action"), aff'd sub nom. Wolk v. Photobucket.com, Inc., 569 F. App'x 51 (2d Cir. 2014); Ruotolo v. City of New York, No. 03CV5045(SHS), 2006 WL 2372236, at *2 (S.D.N.Y. Aug. 16, 2006)("A court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay."), aff'd, 514 F.3d 184 (2d Cir. 2008).

Here, the plaintiff has not demonstrated that he acted with diligence in seeking to amend his complaint. The proposed additional claims either predate or arise from the incidents alleged in the operative complaint.[2] The plaintiff had ample time in which to move to add additional claims and allegations prior to the deadline and offers no persuasive reason for his failure to do so. He has not shouldered his burden of demonstrating good cause.

III. Conclusion

For the foregoing reasons, the plaintiff's "Motion for Filing Late Documents" (doc. #50) is denied.

This is not a Recommended Ruling but a ruling on a nondispositive motion. See MPI Tech A/S v. Int'l Bus. Machines

---

[2] To the extent that the plaintiff challenges defendant Novia's entry into his home on August 25, this appears to be interwoven with his complaint that he was arrested without probable cause. The defendant does not contest that he entered the plaintiff's home but alleges that he was dispatched to the residence pursuant to a 911 call and entered through the unlocked front door. See doc. #53-1 at 3 and Defendant's Local Rule 56(a)(2) Statement, ¶6.

Corp., No. 15CIV4891(LGS)(DCF), 2017 WL 481444, at *3 (S.D.N.Y. Feb. 6, 2017)("Courts in the Second Circuit have generally considered motions to amend a complaint as nondispositive."); Mid Atl. Framing, LLC v. Varish Constr., Inc., No. 313CV01376(MAD)(DEP), 2017 WL 4011260, at *2 (N.D.N.Y. Sept. 11, 2017)(denial of Plaintiff's motion to amend is treated as a nondispositive matter). As such, it is reviewable pursuant to the standard specified in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.

SO ORDERED at Hartford, Connecticut this 17th day of January, 2017.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge