```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MARVIN E. OWENS,                :
                                :
     Plaintiff,                 :
                                :
     v.                         :     CASE NO.  3:16cv898(RNC)
                                :
OFFICER MICHAEL NOVIA,          :
et al.,                         :
                                :
     Defendants.                :
```

## RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, Marvin Owens, who is self-represented, brings this action pursuant to 42 U.S.C. § 1983 against Bridgeport police officers Michael Novia, Daniel Feroni, and Lawrence Lazaro alleging excessive force and false arrest.  Pending before the court is the plaintiff's motion for summary judgment.[1]  (Doc. #69.)  For the reasons that follow, the motion should be denied.

I.   Summary Judgment

To be entitled to summary judgment, a movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In

---

[1] The plaintiff previously filed a motion for summary judgment in March 2017.  (Doc. #26.)  The undersigned recommended that the motion be denied for failure to comply with Rule 56 of the Local Civil Rules of the United States District Court for the District of Connecticut.  (Doc. #31.)  U.S. District Judge Robert N. Chatigny approved and adopted the recommended ruling.  (Doc. #32.)

determining whether a genuine issue of material fact exists, a court examines the evidence in the light most favorable to, and draws all inferences in favor of, the non-movant. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997).

The Local Civil Rules of the United States District Court for the District of Connecticut require that a party moving for summary judgment file a motion, a memorandum of law, and a Local Rule 56(a)1 Statement, which is "a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." D. Conn. L. Civ. R. 56(a)1. Each statement of material fact set forth in a Local Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial." D. Conn. L. Civ. R. 56(a)3. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 Statement in conformity with Fed. R. Civ. P. 56(e). The "specific citation" obligation of this Local Rule requires counsel and self-represented parties to cite to specific paragraphs when citing to affidavits or

responses to discovery requests and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length.  The rule explicitly cautions parties and self-represented parties that "failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court . . . denying the motion for summary judgment . . . ."  D. Conn. L. Civ. R. 56(a)3.

"[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Caidor v. Onondaga County, 517 F.3d 601, 605 (2d Cir. 2008).  The plaintiff did not file a Local Rule 56(a)1 Statement and therefore his submission does not comply with Local Rule 56.  See Wilson v. McKenna, No. 3:12CV1581(VLB), 2015 WL 5455634, at *3 (D. Conn. Sept. 15, 2015) (denying plaintiff's motion for summary judgment because he did not comply with local rule 56(a)); Gambino v. Payne, No. 12CV824A, 2015 WL 4067148, at *1 (W.D.N.Y. Mar. 5, 2015)(denying motion for summary judgment where movant filed to file a statement of undisputed facts).

II.  Conclusion

For these reasons, the plaintiff's motion (doc. #69) for summary judgment should be denied without prejudice.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen

days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for Magistrate Judges; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

Dated this 26th day of February, 2018 at Hartford, Connecticut.

                                              _____/s/_____
                                              Donna F. Martinez
                                              United States Magistrate Judge