```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

MARVIN E. OWENS,                   :
                                   :
    Plaintiff,                :
                                   :
    v.                        :    CASE NO. 3:16cv898(RNC)
                                   :
OFFICER MICHAEL NOVIA,             :
et al.,                            :
                                   :
    Defendants.               :

ORDER

On March 5, 2018, the plaintiff filed an "Objection" to the defendants' discovery responses. (Doc. #79.)

The plaintiff first states that certain of the defendants' responses to his requests for admissions are "evasive."

Fed. R. Civ. P. 36 provides that a party responding to requests for admission may either admit, deny, object to the request with the reasons therefor, or set out in detail the reasons why he or she cannot respond. "An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation to remedy any improper inferences." 7 Moore's Federal Practice § 36.11 at 36-11 (3d ed. 2017). Rule 36's function "is to define and limit matters in controversy between the parties." 8B Wright & Miller, Federal Practice and Procedure § 2252 at p. 321 (3rd ed. 2010). "The rule is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth

of which is known to the parties or can be ascertained by reasonable inquiry." Id. at p. 322.

> [R]equests for admission are used to establish admission of facts about which there is no real dispute. . . . Requests for admissions are not intended for factual discovery that should be done through interrogatories and depositions. They are a cruder device because a party may accept, deny or object to facts phrased by the opposition. They exist to narrow the issues at trial where the parties' unambiguously agree. The fact is that parties in litigation conflict. They believe different things and they have different interpretations of both words and events. The party that proffers the requests must recognize that its opponent may read those words differently.

Saliga v. Chemtura Corp., No. 3:12CV832(RNC)(DFM), 2013 WL 6097100, at *3 (D. Conn. Nov. 20, 2013).

The plaintiff does not identify the particular requests for admission in dispute. If the plaintiff seeks to challenge the sufficiency of defendants' responses pursuant to Fed. R. Civ. P. 36, he must file an appropriate motion in compliance with the federal and local rules setting forth the text of the specific request for admission at issue, the defendant's response, and the plaintiff's argument as to why the response is insufficient. Before any such motion is filed, the plaintiff is required to discuss the discovery issues in a good faith effort to eliminate or reduce the area of controversy. See Local Rule 7(a).

The plaintiff also states that the defendants failed to produce responses to eight enumerated production requests. See doc. #79 at 5-7. The court construes the plaintiff's request as to

2

these requests as a motion to compel pursuant to Fed. R. Civ. P. 37 and Local Rule 37.  The defendants' response to the motion to compel shall be filed by no later than May 16, 2018.

SO ORDERED at Hartford, Connecticut this 24th day of April, 2018.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge