```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

MARVIN E. OWENS,                :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO.  3:16cv898(RNC)
                                :
NOVIA et al.,                   :
                                :
     Defendants.                :

## RULING ON PLAINTIFF'S MOTIONS TO COMPEL

The plaintiff, who is self-represented, brings this action pursuant to 42 U.S.C. § 1983 against defendant Bridgeport police officers Novia, Lazaro and Feroni concerning a May 21, 2015 incident.[1] The operative complaint alleges false arrest and excessive force claims as to defendant Novia and failure to intervene claims as to defendants Lazaro and Feroni. Pending before the court are the plaintiff's motions to compel. (Doc. ##79, 88, 89). The written submissions are disorganized, difficult to follow, and incomplete. In an effort to clarify the record, the court held oral argument on June 19, 2018. After hearing a lengthy and comprehensive discussion of all the plaintiff's discovery issues, the court rules as follows:

I.   Plaintiff's Motion to Compel (Doc. #79)

1.   Production Request 1: During oral argument, the plaintiff, on the record, revised this request to seek "supplemental" police

---

[1]The plaintiff also alleged a false arrest claim against defendant Novia concerning his arrest on June 25, 2015. The court dismissed this claim without prejudice. See doc. #93.

reports for the instances before May 21, 2015 when defendant Novia responded to the plaintiff's High Ridge Drive address. The defendants do not object to this request. The request is granted.[2]

2. <u>Production Request 2</u>: The plaintiff seeks police incident reports for instances before May 21, 2015 when the Bridgeport police responded to the plaintiff's High Ridge Drive. The defendants do not object. The request is granted.

3. <u>Production Request 3</u>: As narrowed during oral argument, the plaintiff seeks reprimands, complaints and/or grievances contained in the defendants' personnel files regarding allegations of false arrest, excessive force and/or failure to intervene. The request is granted in part. To the extent that any responsive documents exist, the defendants shall submit them to the court for <u>in camera</u> review. After the <u>in camera</u> review, the court will determine whether any documents must be produced.

4. <u>Production Request 4</u>: The plaintiff seeks a 2012 police incident report regarding defendant Lazaro's presence at the plaintiff's Benham Avenue address in response to a landlord tenant dispute. The request is granted.

---

[2] As to this request and all requests the court grants, the defendants shall make a good faith effort to search and locate responsive documents. If, after a good faith search, the defendants determine that no responsive materials exist, they shall provide the plaintiff with a sworn statement to that effect. To the extent the defendants have already produced responsive documents, they shall provide the plaintiff with an amended response so stating and identifying with particularity the responsive documents.

5. <u>Production Requests 5 and 6</u>: The plaintiff seeks an "electronically stored" December 24, 2015 warrant application and December 28, 2015 incident report. The requests are denied on the grounds of relevance. Information is considered relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "[T]he burden of demonstrating relevance is on the party seeking discovery." <u>Harnage v. Brennan</u>, No. 3:16CV1659(AWT)(SALM), 2018 WL 2128379, at *2 (D. Conn. May 9, 2018) (internal quotation marks and citation omitted). This case concerns the plaintiff's May 2015 encounter with the defendants. The incidents addressed in production requests 5 and 6 postdate the incident at issue. The plaintiff has not met his burden of showing that the requested information is relevant to his claim.

6. <u>Production Request 7</u>: The plaintiff requests the defendants' insurance information. During oral argument, the plaintiff acknowledged that the defendants provided the information. The request is denied as moot.

7. <u>Production Request 8</u>: The plaintiff seeks the "electronically stored" communication between police dispatch and defendant Novia regarding the May 21, 2015 call. The request is granted.

II. <u>Plaintiff's Motions to Compel (Doc. ##88, 89)</u>

1. <u>Questions 2 and 3</u>[3]: The plaintiff asks whether defendant Lazaro, while in uniform, went to the plaintiff's home on Benham Avenue in 2012 to address the plaintiff concerning a landlord tenant issue. If so, the plaintiff requests a copy of the police report. If there is no police report, the plaintiff asks for an explanation why no report was filed. The defendants do not object to these requests and they are granted.

2. <u>"Followup" question</u>: The plaintiff asks whether defendant Lazaro proofread and signed defendant Novia's May 21, 2015 incident report. The defendants do not object to this question. The request is granted.

3. <u>Question 4</u>: The plaintiff asks whether defendant Novia responded to a call on November 10, 2014 to go to the plaintiff's High Ridge Drive home and if so, seeks the "nature of [the] call" and the "outcome of police response." The defendants do not object. The request is granted.

4. <u>Question 5</u>: The plaintiff seeks information that the police dispatcher gave defendant Novia about the May 21, 2015 call to the High Ridge address. The defendants do not object. The request is granted.

---

[3]Although the plaintiff refers to these requests as requests for admission, they appear to be interrogatories. The court clarified the questions during oral argument. The ruling follows the numbering of the questions as they appear in the plaintiff's papers.

5. <u>Question 3</u>: The plaintiff asks whether defendant Novia was dispatched to the plaintiff's High Ridge address before May 21, 2015 and, if so, the plaintiff asks the defendants to "provide the nature of the call [and] the outcome of the police response." The defendants do not object. The request is granted.

6. <u>Question 6</u>: The plaintiff requests the explanation the defendant Novia gave the plaintiff for Novia's presence at the plaintiff's house on May 21, 2015. The defendants do not object. The request is granted.

7. <u>Questions 7 and 8</u>: The plaintiff asks whether defendant Novia told the plaintiff that there was a 911 call placed from the High Ridge address in which a woman and child were screaming. If so, the plaintiff asks whether defendant Novia's statement to the plaintiff regarding the 911 call was true. The defendants do not object. The requests are granted.

8. <u>Question 10</u>: The plaintiff asks whether defendant Novia included the phrase "the truth, the whole truth and nothing but the truth" in his May 21, 2015 incident report. The defendants do not object and the request is granted.

9. <u>Question 14</u> is granted absent objection.

10. <u>Question 15</u>: The plaintiff asks for the reason(s) that defendant Novia handcuffed and arrested him on May 21, 2015. The defendants do not object. The request is granted.

III. <u>Additional Discovery Requests</u>

During oral argument, the plaintiff raised additional discovery requests that are not set forth in his motions. In the interest of efficiency, the court heard the requests and rules as follows:

1. The plaintiff seeks a copy of the complaint that his ex-wife, Staarnetta Jones, filed with the Bridgeport Police Department in June/July 2015 against defendant Novia. The defendants do not object. The request is granted.

2. The plaintiff seeks a copy of the complaint he filed against Officer Edward Rivera from Internal Affairs. The defendants do not object. The request is granted.

3. The plaintiff seeks production of statements he made to Bridgeport police regarding the May 21, 2015, June 25, 2015 and "car jacking/attempted murder" incidents. The defendants do not object. The requests are granted.

4. The plaintiff seeks recordings of phone calls he made to the Bridgeport FBI concerning the May 21, 2015 and/or June 25, 2015 incidents. The defendants do not object. The request is granted to the extent the defendants have any responsive materials within their care, custody or control. <u>See</u> Fed. R. Civ. P. 34.

IV. <u>Case Management</u>: The discovery deadline has passed. This ruling resolves the outstanding discovery issues. The defendants' responses are due within fourteen days of this order. <u>See</u> D. Conn.

L. Civ. R. 37(d).

In light of the court's ruling granting the plaintiff's motions to compel the aforementioned discovery requests and the ensuing responses by the defendants, the plaintiff's motion for summary judgment (doc. #69) is denied without prejudice to avoid piecemeal briefing. Any new motion shall be filed by July 23, 2018 and shall comply with Rule 56 of the Federal and Local Rules of Civil Procedure.

The defendants' motion for summary judgment also shall be filed by July 23, 2018.

Oppositions to the summary judgment motions shall be filed within 21 days of the filing of the motion. See D. Conn. L. Civ. R. 7(a)(2).

SO ORDERED at Hartford, Connecticut this 21st day of June, 2018.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge