UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARVIN E. OWENS,                :
                                :
    Plaintiff,                  :
                                :
    v.                          :     CASE NO.  3:16cv898(RNC)
                                :
NOVIA et al.,                   :
                                :
    Defendants.                 :

RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff, who is self-represented, brings this action pursuant to 42 U.S.C. § 1983 against defendant Bridgeport police officers Novia, Lazaro and Feroni concerning a May 21, 2015 incident.[1] The operative complaint alleges false arrest and excessive force claims as to defendant Novia and failure to intervene claims as to defendants Lazaro and Feroni. Pending before the court is the plaintiff's motion to compel. (Doc. #102.)

The court held a lengthy oral argument on the plaintiffs' prior motions to compel and issued a comprehensive ruling. (Doc. #96.) The plaintiff subsequently filed the instant motion, contending that the defendants' responses to some of the discovery requests that the court had granted are inadequate. In their opposition to the plaintiff's motion, the defendants argue that

---

[1]The plaintiff also alleged a false arrest claim against defendant Novia concerning his arrest on June 25, 2015. The court dismissed this claim without prejudice. See doc. #93.

they fully complied with all the discovery requests in the court's ruling. (Doc. #107.) In an effort to clarify the record, the court ordered the defendants to "file a copy of the responses they served and a memorandum addressing each of the requests that the plaintiff challenges." (Doc. #123.) The defendants did so. See doc. ##130, 132. The matter now being ripe for adjudication, the court rules as follows:

1. <u>Production Request 2</u>: The plaintiff seeks police incident reports for instances prior to May 21, 2015 when the Bridgeport police responded to the plaintiff's High Ridge Drive.[2]

In his motion to compel, the plaintiff argues that the defendants have not produced police reports for the October 20, 2014 and November 10, 2014 incidents.

The defendants respond that no police reports exist for those dates. They point to their supplemental compliance in July 2018 in which they so indicate and submit the affidavit of Detective Barbara Gonzalez who conducted the search for responsive documents. See doc. #130-2, Gonzalez Aff.

The plaintiff's motion to compel is denied. See <u>American Banana Co., Inc. v. Republic National Bank of New York, N.A.</u>, No.

---

[2]The court repeats the text of the discovery request from its prior ruling, doc. #96, and follows the order used by the plaintiff in his motion to compel.

2

99 CIV 1330(AGS), 2000 WL 521341, *3 (S.D.N.Y. 2000) (the "court cannot compel production of what does not exist").

2. <u>Question 4</u>:  The plaintiff asks whether defendant Novia responded to a call on November 10, 2014 to go to the plaintiff's High Ridge Drive home and if so, seeks the "nature of [the] call" and the "outcome of police response."

In the present motion, the plaintiff says that the defendants are trying to "mislead" him by providing information for November 10, 20<u>15</u>, when he asked about November 10, 20<u>14</u>.

As they did in their Supplemental Compliance dated July 25, 2018, defendants explain that there are no records of a November 10, 2014 call and as a result they

> assumed the plaintiff was referring to a matter on November 10, 2015. Because it was assumed that [] the date requested was November 10, 2015, information was disclosed to the plaintiff. To be clear, no matter exists for November 10, 2014.  It has been determined that no call c[a]me into the Bridgeport Police Department on November 10, 2014 for 336 High Ridge Drive, therefore, no police incident reports exist.

<u>See</u> doc. 130-2.

The plaintiff's motion to compel is denied.

3. <u>Question 5</u>:  The plaintiff seeks information that the police dispatcher gave defendant Novia about the May 21, 2015 call to the High Ridge address.

In his motion, the plaintiff states that he requests

3

"electronically stored audio communication between Dispatch and defendant Novia regarding May 21, 2015 call."

The defendants explain that the 911 and dispatch recordings with respect to May 21, 2015 incident at 336 High Ridge Drive were saved to a USB flashdrive and produced to the plaintiff on two occasions: July 6, 2018 and again on July 25, 2018. See doc. #130-2 at 3.

The motion to compel is denied.

4. Question 3: The plaintiff asks whether defendant Novia was dispatched to the plaintiff's High Ridge address before May 21, 2015 and, if so, the plaintiff asks the defendants to "provide the nature of the call [and] the outcome of the police response."

In his motion to compel [102], the plaintiff states that the defendants "continu[e] to mislead" as well as "fail[]to comply" with the court's order. Specifically, the plaintiff says that the defendants fail to provide records for "dates of 9/16/15, 10/25/13, 5/2/16, 4/29/16, 11/10/14, 10/20/14 as well as defendants failed to provide outcome of police response." (Doc. #102 at 8.)

Some of the dates the plaintiff lists are not "before May 21, 2015." The defendants provided responses as to 10/25/13, 10/20/14 and 11/20/14 – the dates that are before May 21, 2015 - in their supplemental compliance. See doc. #130-2.

4

The plaintiff's to compel motion is denied.

5. Questions 7 and 8: The plaintiff asks whether defendant Novia told the plaintiff that there was a 911 call placed from the High Ridge address in which a woman and child were screaming. If so, the plaintiff asks whether defendant Novia's statement to the plaintiff regarding the 911 call was true.

The defendant Novia responded to the requests: "Yes. Yes, it was true based upon facts and circumstances known[n] by Officer Novia at the time he arrived at the scene." (Doc. #130-1 at 6.)

The plaintiff challenges the veracity of defendant's response that a child was screaming. Although titled as a motion to compel, the plaintiff requests that the court impose sanctions.

The defendants explain that their response is accurate based on Officer Novia's recollection/perception of the CAD transmission at the time of his arrival on the scene.

The plaintiff's motion to compel is denied.

6. Question 10: The plaintiff asks whether defendant Novia included the phrase "the truth, the whole truth and nothing but the truth" in his May 21, 2015 incident report.

The defendants responded to the request as follows: "No. The police incident report is a form document and does not contain that phrase." (Doc. #130-1 at 6.)

In his motion to compel, the plaintiff contends that as to the phrase "the truth, the whole truth and nothing but the truth," he meant "did defendant Novia add all facts and/or details"; "leave out any details or facts" and "fabricate any details." (Doc. #102 at 11.) Plaintiff states that he "never ask[ed] if defendant included the phrase" and implies that the court "err[ed]" in the wording of the request.

The court's review of the transcript reveals the following colloquy:

> THE COURT: [Y]ou're asking if the report itself uses the words, "the truth, the whole truth and nothing but the truth?" Is what you're asking?
> MR. OWENS: Yes, you added everything that was correct, you left nothing out, and you did not fabricate. The truth, the whole truth, and nothing but the truth, your Honor.
> THE COURT: All right. Do you want to know if it was given under oath? Is that what you want to know, or do you want to know if it contains those words verbatim?
> MR. OWENS: If it contains those words verbatim.

(Doc. #134, Tr. at 52-53.)

The motion to compel is denied.

7. <u>Question 14</u>: Did the plaintiff on May 21, 2015 provide the defendant with valid identification? If yes, was it before or after placing plaintiff in handcuffs under arrest?

The defendant responded "Yes, the plaintiff was asked for identification. The plaintiff was not arrested." The plaintiff

complains that the response is evasive.

The defendants' response is not a model of clarity and it is apparent that they dispute whether the plaintiff was placed under arrest. The motion to compel is granted as follows: The defendants shall indicate whether the plaintiff provided his identification before or after he was handcuffed.

Additional Discovery Requests

1. The plaintiff seeks a copy of the complaint that his ex-wife, Staarnetta Jones, filed with the Bridgeport Police Department in June/July 2015 against defendant Novia.

In their previously served compliance, the defendants responded that no responsive documents exist and listed the complaints Starnetta Owens filed. (Doc. #130-1 at 7.) They reiterate this response in their memorandum. (Doc. #132 at 4.)

The plaintiff's motion to compel is denied.

2. The plaintiff seeks a copy of the complaint he filed against Officer Edward Rivera from Internal Affairs.

The defendants point to their earlier compliance in which they provided a copy of the complaint dated 10/1/15. (Doc. #132 at 4.)

The plaintiff's motion to compel is denied.

3. The plaintiff seeks production of statements he made to

Bridgeport police regarding the May 21, 2015, June 25, 2015 and "car jacking/attempted murder" incidents. (Doc. #102 at 15.)

The plaintiff complains that the defendants did not produce documents concerning the "car jacking/attempted murder" incident.

The defendants respond that they fully responded to the request, pointing to their July production of a Civilian Complaint Report. (Doc. #132 at 4.)

The plaintiff's motion to compel is denied.

Case Management:  The discovery deadline has long passed. This ruling resolves all outstanding discovery issues

SO ORDERED at Hartford, Connecticut this 6th day of February, 2019.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge