UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARVIN E. OWENS,                          :
    Plaintiff,                        :
                                      :
v.                                        :   CASE NO. 3:16-cv-0898 (RNC)
                                      :
MICHAEL NOVIA,                            :
    Defendant.                        :

**RULING AND ORDER**

Pending are plaintiff's motion for leave to amend his complaint to allege an additional cause of action, ECF No. 165, and his motion for leave to file a single additional interrogatory relating to the proposed claim, ECF No. 162.  In essence, plaintiff seeks to add a claim that the defendant officer "targeted" him by labeling him as an "and one," and he seeks leave to file an interrogatory to find out what that label means.  As discussed below, the proposed amendment is untimely and futile.  Accordingly, the motion for leave to amend is denied.  However, the motion for leave to serve the additional interrogatory is granted.

I. Background

Plaintiff originally sought to bring fourteen claims against several defendants.  After a series of dismissals and summary judgments, see ECF Nos. 13, 16, 83, 141, 152, two claims remain against a single defendant.  The claims are brought against the

defendant police officer under Title 42, United States Code,

Section 1983, alleging excessive force and false arrest.  The

claims arise from plaintiff's encounter with the officer on May

21, 2015.  In brief, plaintiff alleges that the defendant was

dispatched to plaintiff's residence in response to a 911 hang-up

call.  After the officer arrived at the residence, the events

giving rise to the false arrest and excessive force claims took

place.  Plaintiff's new claim, and his requested interrogatory,

center on the defendant's interaction with the 911 dispatcher.

Plaintiff alleges that the audio of the conversation between

the dispatcher and the defendant reveals the dispatcher stating

that the defendant "placed an 'and-one' on plaintiff."  ECF No.

162.  Plaintiff requests an additional interrogatory to learn

what that means, ECF No. 162, and seeks to add a new claim

alleging that

> defendant targeted plaintiff by [m]arking, [l]abeling to
> [B]ridgeport [P]olice [D]epartment, moreso surrounding
> law enforcement, [that plaintiff was] to be considered an
> 'and one' party, in whom all law enforcement should refer
> upon approach of plaintiff.

ECF No. 165.

## II. Discussion

Leave to amend is to be freely granted "when justice so

requires," Fed. R. Civ. P. 15(a), but a court "has discretion to

deny leave for good reason, including futility, bad faith, undue

delay, or undue prejudice to the opposing party."  McCarthy v.

Dun & Bradstreet Corp., 482 F.3d 1184, 200 (2d Cir. 2007)

(citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Plaintiff's

request for leave to amend was filed long after the deadline for

seeking leave to amend had expired.  In view of plaintiff's

failure to seek leave to amend in a timely manner, the motion

may be denied based on undue delay unless the interests of

justice require that leave be granted.

     I conclude that the interests-of-justice standard is not

met because the proposed amendment would be futile.  It is "well

settled that an amendment is considered futile if the amended

pleading fails to state a claim or would be subject to a motion

to dismiss on some other basis."  United States v. Garrity, 187

F. Supp. 3d 350, 352 (D. Conn. 2016) (quoting Gilbert, Segall &

Young v. Bank of Montreal, 785 F. Supp. 453, 457 (S.D.N.Y. 1992)

(internal citations omitted)). Accepting plaintiff's allegations

as true, and construing them liberally in his favor, I do not

think they support a claim on which relief can be granted.

     To state a claim for relief, a plaintiff must allege facts

showing that he has a plausible claim, in other words, facts

permitting a reasonable conclusion that the defendant has

engaged in wrongdoing causing injury to the plaintiff for which

relief may be granted under applicable law.  Plaintiff's

allegations do not support such a conclusion.

Plaintiff does not allege facts showing that defendant's

labeling him as an "and one" was illegal or otherwise wrongful.

Nor does he allege facts showing that as a result of this

labeling he was injured or damaged in any way.  As his request

to serve an additional interrogatory makes clear, he does not

know what it means to be labeled an "and one."  Assuming he is

attempting to add a new § 1983 claim, he does not identify a

constitutional right that the labeling violated, nor does he use

a phrase like "excessive force" that would allow the court and

the defendant to identify the right at issue. See Cox v. Vill.

of Pleasantville, 271 F. Supp. 3d 591, 610 (S.D.N.Y. 2017)

(rejecting defendant's argument that plaintiff failed to state a

claim when plaintiff invoked the Fourteenth Amendment and used

the phrase "excessive force").

Plaintiff may believe that the word "targeting" is similar

to the phrase "excessive force" in that it suggests action on

the part of a police officer that is inherently wrong.  But the

word "targeting," at least in the particular context of this

case, is insufficient to give notice of the circumstances

supporting the proposed claim.  Plaintiff does not allege that

he was "targeted" because of a constitutionally protected

characteristic.  Indeed, "targeting" is a misnomer for the facts
plaintiff alleges: he does not allege that he was "targeted" in
any way, only that defendant "mark[ed]" or "label[ed]" him as an
"and one."  Assuming the truth of this allegation, it is
insufficient to support a reasonable conclusion that the
defendant officer engaged in wrongdoing in violation of
plaintiff's rights under federal law.

Moreover, plaintiff alleges no facts permitting a
reasonable conclusion that he suffered harm as a result of the
alleged labeling.  Plaintiff complains of harm caused by the
defendant's use of excessive force and his conduct in making a
false arrest.  There is no allegation that the labeling had
anything to do with the alleged use of excessive force or the
alleged false arrest, much less that it proximately caused harm
for which relief can be granted by way of an independent cause
of action.

When as here, "it appears that granting leave to amend is
unlikely to be productive, . . . it is not an abuse of
discretion to deny leave to amend."  Hylton v. J.P. Morgan Chase
Bank, N.A., 338 F. Supp. 3d 263, 284 (2018) (quoting Lucente v.
Int'l Bus Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002)).
Plaintiff's untimely request for leave to amend is therefore
denied.

Plaintiff's motion for leave to serve an additional interrogatory may be granted, even though the discovery deadline has expired, if the information sought is relevant to the existing claims and responding to the interrogatory would not be unduly burdensome.  See Fed. R. Civ. P. 26(b)(1).  Plaintiff has not explained how the meaning of the term "and one" is relevant to the claims for excessive force and false arrest.  However, the term must have had some significance for the dispatcher, and presumably it had some significance for the defendant officer as well.  The meaning of the phrase may therefore be of some assistance to the plaintiff and the trier of fact in better understanding the sequence of events leading to the events at plaintiff's residence.  On this basis, I find that the interrogatory is relevant for purposes of discovery.  There is no reason to think that requiring the defendant to disclose the meaning of the phrase "and one" in advance of trial would be unduly burdensome.  I conclude, therefore, that the interrogatory should be permitted.

### III.  Conclusion

Accordingly, the motion for leave to amend the complaint is denied and the motion to serve the additional interrogatory is granted.  A pretrial conference will be scheduled.

So ordered this 30th day of March 2020.

                                              /s/  RNC
                                          Robert N. Chatigny
                                    United States District Judge