UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARVIN OWENS,<br>   *Plaintiff*, | :<br>:<br>: |
| v. | :    Case No. 3:16CV898 (MPS) |
| MICHAEL NOVIA,<br>   *Defendant*. | :<br>:<br>: |

### **MEMORANDUM OF CONFERENCE AND ORDER**

The Court held an in-person status conference in this case.  Mr. Owens, Attorney Newell, and Attorney Kascak were in attendance.  This order memorializes the matters discussed and the Court's instructions:

**Assistance of Counsel**

Before the status conference, the Court had appointed Attorney Newell as pro bono counsel, but Mr. Owens filed an objection to the appointment.  ECF No. 214.  At the status conference, after a colloquy with Mr. Owens in which the Court explained some of the potential disadvantages to representing himself, Mr. Owens stated that he wished to remain self-represented and represent himself at trial.

Mr. Owens agreed, however, to permit the appointment of Attorney Newell as "standby counsel."  In this limited role, Attorney Newell would not sit at counsel table during trial and would not have communications with defense counsel or the Court outside of Mr. Owens's presence.  Her role would be narrowly circumscribed: Specifically, she would be available to help Mr. Owens if he requested legal advice and she would be available to assist in jury selection and with his direct examination, to the extent he makes her aware he wants her to provide such assistance sufficiently in advance of trial to enable her to prepare.  In addition, Attorney Newell may, if she chooses to

after discussion with the plaintiff, assist the plaintiff with witness subpoenas, but she is not required to do so.  As the Court explained to Mr. Owens, his decision to represent himself means that he is ultimately responsible for all aspects of prosecuting and trying the case.  Attorney Newell will simply be a stand-by advisor.  Mr. Owens and Attorney Newell agreed to this arrangement.

**Discovery**

Mr. Owens stated that the defendant has not produced all audio recordings of the encounter at issue that he had requested in discovery.  The Court advised that it will not re-open the discovery process, which would have included any discovery motion practice (such as motions to compel).  Nonetheless, the Court ordered that, by **August 16, 2023**, Attorney Kascak shall file on the docket a response as to whether the police have a recording of Officer Novia and dispatch, whether it consist of radio transmissions, phone conversation, or other types of communication, concerning the incident at issue in this lawsuit from the time of the initial call to the end of the encounter; the response shall also indicate whether such a recording existed and, if so, what happened to it and when that happened.

**Amendment of Pleadings**

Mr. Owens stated that there have been "new developments" and that he wished to amend the pleadings.  In addition, he wishes to propound two new interrogatories.  By **August 18, 2023**, Mr. Owens shall file (1) any motion to amend his complaint, attaching as an exhibit the proposed amended complaint, and (2) any motion to take discovery out of time, attaching as an exhibit the two proposed interrogatories.  By **September 1, 2023**, the defendant shall file any response to these motions.

**Evidence**

The parties' Joint Trial Memorandum ("JTM") was filed on May18, 2021.  ECF No. 189.

The Defendant's portion of the JTM, ECF No. 189-1, was provided to Mr. Owens in open court at the status conference. The Clerk of the Court shall also cause a copy of the document to be mailed to Mr. Owens.

Exhibits and witnesses not listed in the JTM shall not be permitted at trial.

Attorney Newell has agreed to print from the Court's docket various documents that Mr. Owens seeks to introduce as exhibits at trial. She shall provide Mr. Owens with copies of these documents and shall bring them to the pretrial conference; she shall also send a copy of these documents to chambers at least three days before the pretrial conference, i.e., by **October 17, 2023**. The Defendant shall also send a copy of his exhibits to chambers by **October 17, 2023**. This means the exhibits must arrive in chambers by that date.

The Court's instructions and trial preferences on located on the Court's website. https://www.ctd.uscourts.gov/content/michael-p-shea

By **August 18, 2023**, any motion to amend the JTM shall be filed.

Any evidentiary objections to witnesses and/or exhibits listed in the JTM, and any motions in limine, shall be filed by **September 1, 2023**. Any response to the asserted objections and/or to the motions in limine shall be filed by **September 22, 2023**. Objections to witnesses and exhibits not raised before trial will be deemed waived, except for good cause shown.

**Trial**

Jury Selection is scheduled for **November 1, 2023 at 9 am** with evidence to begin thereafter. No trial shall be held on November 2 and 3. Trial shall resume November 6, 2023 at 9 am.

The pretrial conference is scheduled for **October 20, 2023 at 10am**. Attorney Newell has agreed to attend. The Court will issue a habeas order to the DOC to produce Mr. Owens.

Any proposed jury instructions and any proposed verdict form the parties wish to submit shall be filed by **September 1, 2023**.

**Courtroom Technology**

At the pretrial conference, the parties shall specify what, if any, technology they intend to use during trial – for instance, if they intend to use an overhead projector, transparencies, the Court's Elmo, or to connect a laptop to display exhibits or play audio or video recordings. If so, they may coordinate with the Courtroom Deputy to set up any technology in advance of trial.

The Clerk of the Court shall cause of copy of this Order to be mailed to Mr. Owens, inmate #314066, MacDougall-Walker Correctional Institution, 153 East Street South, Suffield, CT 06080.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         August 3, 2023